**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>TAHIRA M. WYATT | Case No. 25-12547 (DJB)<br><br>Chapter 7 |
| DERRICK N. BEY<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TAHIRA M. WYATT,<br>　　　　　　Defendants. | Adv. Pro. No. |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS**
**PURSUANT TO 11 U.S.C. §523(a)(15) AND FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 4007**

Plaintiff Derrick N. Bey (the "Plaintiff"), by and through his undersigned attorneys, as and for his complaint against the above-captioned defendant (the "Debtor") to determine the dischargeability of debt pursuant to 11 U.S.C. §523(a)(15) and Federal Rule of Bankruptcy Procedure 4007, avers as follows:

**NATURE OF THE ACTION**

1.　This is an adversary proceeding commenced pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to determine the dischargeability of debts by the Debtor pursuant to §523 of Title 11 of the United States Code (the "Bankruptcy Code"), as more particularly described herein.

**JURISDICTION**

2.　This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(b)(2)(E) and 1334(b) and the Standing Order of Reference dated September 28, 2012.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(E).

### STATEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7008

5. The Plaintiff consents to the entry of a final judgment by this Court.

### BACKGROUND AND PARTIES

6. On or about June 25, 2025, (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

7. The Plaintiff is an individual and is the former spouse of the Debtor.

8. The Plaintiff and the Debtor are parties to aa domestic relations proceeding pending in the Court of Common Pleas for Philadelphia County-Family Court Division captioned Derrick N. Bey v. Tahira M. Bey, Case I.D. No. D21078594 (the "Matrimonial Action").

9. The Plaintiff has asserted claims against the Debtor in the Matrimonial Action for, among other things, equitable distribution of property owned by the Debtor

10. The Debtor failed to list the Matrimonial Action in her statement of financial affairs or otherwise disclose the Plaintiff's rights, claims, interests or creditor status in her Chapter 7 case.

### CLAIM FOR RELIEF

11. The Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 10 hereof as if fully set forth herein at length.

12. The Plaintiff's rights, claims and interests arising in or in connection with the Matrimonial Action are obligations owed to a former spouse that have been incurred by the

Debtor in the course of a divorce or separation or pursuant to orders of a court of record in the Matrimonial Action.

13. The obligations of the Debtor to the Plaintiff are not dischargeable as a matter of law pursuant to and by operation of 11 U.S.C. §523(a)(15).

14. By reason of the foregoing, such obligations may not be discharged in the Debtor's Chapter 7 case.

**WHEREFORE**, the Plaintiff demands the entry of a judgment in his favor and against the Debtor awarding the following relief:

(a) determining that the debts and obligations owed by the Debtor to the Plaintiff is non-dischargeable pursuant to 11 U.S.C. §523(a)(15);

(b) awarding the Plaintiffs the reasonable costs, fees (including attorneys' fees) and expenses incurred in the commencement and prosecution of this adversary proceeding; and

(c) granting such other and further relief as is just and proper.

Dated: July 21, 2025                                       **KURTZMAN | STEADY, LLC**

By: /s/ Jeffrey Kurtzman
Jeffrey Kurtzman, Esquire
101 N. Washington Avenue, Suite 4A
Margate, NJ 08402
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com

Attorneys for Plaintiff