IN THE UNITED STATES TRUSTRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **TAHIRA M. WYATT** | : | **BANKRUPTCY NO. 25-12547 (DJB)** |
| | : | |
| **Debtor** | : | |
| | : | |

**OBJECTION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE,
TO MOTION OF NATIONSTAR MORTGAGE LLC FOR RELIEF FROM
AUTOMATIC STAY WITH RESPECT TO PROPERTY: 1152 EAST
SHARPNACK STREET, PHILADELPHIA, PA 19150**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of Tahira M. Wyatt (the "Debtor"), by and through her counsel, Karalis PC, hereby objects (the "Objection") to the Motion of Nationstar Mortgage LLC ("Nationstar") for Relief from Automatic Stay with Respect to Property: 1152 East Sharpnack Street, Philadelphia, PA 19150 (the "Motion"), and in support thereof, respectfully avers as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (G) and (O).

3. The statutory basis for the relief requested in the Motion is 11 U.S.C. § 362.

## BACKGROUND

**A.    Procedural Background.**

4. On June 25, 2025 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

5. On June 26, 2025, the Trustee was appointed which appointment remains in effect.

**B.     Real Property Owned by the Debtor's Bankruptcy Estate.**

6.    The Debtor's bankruptcy estate owns, *inter alia*, residential real property located at 1152 East Sharpnack Street, Philadelphia, PA 19150 (the "Property").

7.    The Debtor's Bankruptcy Schedules reflect that the Property has a fair market value of $227,100.00.

8.    As set forth in greater detail below, the Trustee has retained a real estate broker who intends to list the Property for the sum of $225,000.00.

9.    While not mentioned anywhere in the Motion, the balance owed on Nationstar's mortgage is approximately $71,000.00.

**C.     The Trustee's Employment of a Real Estate Broker.**

10.   Prior to the filing of the Motion, on August 4, 2025, the Trustee filed the Application of Christine C. Shubert, Chapter 7 Trustee, to Employ RE/MAX of Reading as Broker (the "Broker") Pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014 (the "Retention Application") [D.I. 22].

11.   Prior to the filing of the Motion, on August 14, 2025, this Court entered an Order approving the Retention Application [D.I. 25].

12.   The Debtor has been very cooperative with the Broker. Photographs have been taken and the Property is being prepared for sale.

13.   The Property should be listed prior to the hearing on the Motion.

**D.     The Motion filed by Nationstar.**

14.   On August 21, 2025, Nationstar filed the Motion [D.I. 34].

15.   Nationstar seeks relief from the automatic stay as the Debtor is allegedly in default of her obligations to it.

16. Nowhere in the Motion does Nationstar state its current mortgage balance or the fair market value of the Property.

## OBJECTION

17. The Trustee respectfully requests the entry of an Order denying the Motion.

18. Quite simply, cause does not exist to lift the automatic stay and there is a substantial equity cushion.

19. As set forth herein, the amount owed on Nationstar's mortgage is approximately $71,000.000 and the Property is about to be listed for the sum of $225,000.00.

20. As such, there is a substantial equity cushion to afford Nationstar adequate protection of its interest in the Property. *See, e.g., In re Drebitko*, 1992 U.S. Dist. LEXIS 4231, at *6 (E.D. Pa. 1992) ("An equity cushion, if sufficient in size and unlikely to erode, can, standing alone, constitute adequate protection."); *In re Van Horn*, 2011 Bankr. LEXIS 1849, at *10 (Bankr. M.D. Pa. May 19, 2011) (if a debtor has equity in a property sufficient to shield the creditor from either the declining value of the collateral or an increase in the claim from accrual of interest or expenses, the creditor is adequately protected) (*quoting In re Colonial Center, Inc.*, 156 B.R. 452, 460 (Bankr. E.D. Pa. 1993)). *See also, In re Grant*, 29 B.R. 375, 376 (Bankr. M.D. Pa. 1983) (denying stay relief and finding secured creditor was adequately protected where the debtor's equity exceeded the secured claim by approximately $27,000).

21. In addition, the Trustee believes that she will be able to make a meaningful distribution to general unsecured creditors through the sale of the Property. The Trustee's Declaration in Opposition to the Motion is attached hereto as Exhibit "A" and made a part hereof.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court (a) deny the Motion and (b) grant such other and further relief as this Court deems just and proper.

        **Respectfully submitted,**

        **KARALIS PC**

        By: /s/ Robert W. Seitzer
            ROBERT W. SEITZER
            1900 Spruce Street
            Philadelphia, PA 19103
            (215) 546-4500
            rseitzer@karalislaw.com

        *Attorneys for the Trustee*

Dated: August 29, 2025