

|  |  |
|---|---|
| In re: | Case No. 25-12547-djb |
| Tahira M. Wyatt, | Chapter 7 |
| Debtor. |  |

**Debtor's Omnibus Objection to Unsecured Claims Filed by Chapter 7 Trustee**

> **NOTICE: You should review Paragraph 11 below to determine whether this objection affects your claim.**

**AND NOW**, Debtor Tahira M. Wyatt, through her attorney, objects to several proofs of claim under 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, and L.B.R. 3007-1. In support of this objection, the Debtor states as follows:

### Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

3. Venue is proper under 28 U.S.C. § 1409.

4. The Debtor consents to the entry of a final order by this Court.

### Background

5. The Debtor filed this case voluntarily by petitioning for relief under chapter 7 of the Bankruptcy Code on June 25, 2025.

6. This case is assigned to chapter 7 Trustee Christine C. Shubert.

7. The Debtor scheduled the following unsecured claims on Schedule E/F, among others:

| Line No. | Creditor | Account No. | Amount |
|---|---|---|---|
| 4.01 | American Heritage Federal Credit Union<br>Attn: Bankruptcy<br>2060 Red Lion Rd<br>Philadelphia, PA 19115-1603 | ******0001 | $8,342.00 |
| 4.02 | AT&T (erroneously pleaded as "At T")<br>Attn: Bankruptcy<br>PO Box 2300<br>Southgate, MI 48195-4300 | ******1882 | $2,212.00 |
| 4.03 | Bank of America<br>Attn: Bankruptcy<br>4909 Savarese Cir<br>Tampa, FL 33634-2413 | ******8133 | $5,143.00 |
| 4.04 | Bank of America<br>Attn: Bankruptcy<br>4909 Savarese Cir<br>Tampa, FL 33634-2413 | ******0198 | $4,600.00 |
| 4.07 | Discover Financial<br>Attn: Bankruptcy<br>PO Box 3025<br>New Albany, OH 43054-3025 | ******6760 | $8,037.00 |
| 4.09 | Discover Personal Loans<br>Attn: Bankruptcy<br>PO Box 30954<br>Salt Lake City, UT 84130-0954 | ******1563 | $13,375.00 |
| 4.10 | JP Morgan Chase (erroneously pleaded as "Jpmcb")<br>MailCode LA4-7100<br>700 Kansas Ln<br>Monroe, LA 71203-4774 | ******7231 | $15,893.00 |
| 4.13 | Portfolio Recovery & Affiliates<br>120 Corporate Boulevard<br>Suite 1<br>Norfolk, VA 23502 | ******3284 | $6,149.00 |
| 4.14 | Sunbit Financial<br>Attn: Bankruptcy<br>10880 Wilshire Blvd<br>Ste 870<br>Los Angeles, CA 90024-4109 | ******1992 | $79.00 |

8. The Debtor's petition indicated that funds would be available to unsecured creditors. Upon review of the petition and schedules, the Trustee announced her intent to liquidate property of the estate to pay creditors.

9. Upon request of the Trustee, the Clerk notified creditors of the non-governmental proof of claim deadline of September 29, 2025, and served that notice on all creditors above through the Bankruptcy Noticing Center. ECF No. 12.

10. None of the above creditors filed proofs of claim before the deadline with amounts or account numbers identical to the claims listed in Paragraph 7.

11. After the non-governmental claim deadline expired, the Trustee timely filed the following claims under Fed. R. Bankr. P. 3004:

| Claim No. | Creditor | Account No. | Amount |
|---|---|---|---|
| 12 | American Heritage Federal Credit Union<br>2060 Red Lion Rd<br>Philadelphia, PA 19115 | ******0001 | $8,342.00 |
| 13 | AT&T<br>PO Box 2300<br>Southgate, MI 48195 | ******1882 | $2,212.00 |
| 14 | Bank of America<br>4909 Savarese Cir<br>Tampa, FL 33634 | ******8133 | $5,143.00 |
| 15 | Bank of America<br>4909 Savarese Cir<br>Tampa, FL 33634 | ******0198 | $4,600.00 |
| 16 | Discover Financial<br>PO Box 3025<br>New Albany, OH 43054 | ******6760 | $8,037.00 |
| 17 | Discover Personal Loans<br>PO Box 30954<br>Salt Lake City, UT 84130-0954 | ******1563 | $13,375.00 |

| Claim No. | Creditor | Account No. | Amount |
|---|---|---|---|
| 18 | JPMCB<br>MailCode LA4-7100, 700 Kansas Ln<br>Monroe, LA 71203 | ******7231 | $15,893.00 |
| 20 | Portfolio Recovery & Affiliates<br>120 Corporate Boulevard, Suite 1<br>Norfolk, VA 23502 | ******3284 | $6,149.00 |
| 21 | Sunbit Financial<br>10880 Wilshire Blvd, Ste 870<br>Los Angeles, CA 90024 | ******1992 | $79.00 |

12. The Trustee simply copied and pasted each of the claims in Paragraph 11 (the "Trustee's Claims") from Schedule E/F.

13. Upon information and belief, each of the Trustee's Claims are based on a writing or a consumer-credit agreement.

14. None of the Trustee's Claims include the supporting documentation required by Fed. R. Bankr. P. 3001(c) for writings or consumer-credit agreements.

15. Upon information and belief, the Trustee does not have personal knowledge of the debts associated with the Trustee's Claims and did not reasonably inquire as to their validity.

**Relief Requested**

16. The Debtor requests that the Court disallow all of the Trustee's Claims in their entirety on the basis that they lack supporting documentation and were filed without personal knowledge or reasonable inquiry.

17. This omnibus objection is procedurally appropriate because all claims were filed by the same entity. Fed. R. Bankr. P. 3007(d).

*[This space intentionally left blank.]*

4

**Grounds for Relief**

18.     "While section 501(c) and Fed. R. Bankr. P. 3004 give the trustee the ability to file proofs of claim on behalf of creditors, the trustee should exercise caution in doing so." Exec. Off. for U.S. Trs., U.S. Dep't of Just., *Handbook for Chapter 7 Trustees* § 4.F.3, at 4-29 (Oct. 1, 2012).

19.     In any event, a claim may not be filed without personal knowledge or reasonable inquiry as to its validity. *See* Fed. R. Bankr. P. 9011(b). Because this case was not filed under chapters 9 or 11, the Debtor's schedules are not *prima facie* evidence of any debt. *See* Fed. R. Bankr. P. 3003(b)(1).

20.     Without supporting documentation or reasonable inquiry, there is no way of knowing whether the Trustee's Claims are time barred, duplicative of other claims, or have been written off.

21.     The Court need not look further than this case to see the danger of filing claims without personal knowledge or inquiry. For example, Portfolio Recovery Associates LLC timely filed Claim No. 11 in the amount of $6,298.95, which indicates the debt is associated with account number ******5755. Later, the Trustee filed Claim No. 20 on behalf of Portfolio in the amount of $6,149.00. Although the amounts and account numbers suggest that they are not one in the same, review of the supporting documentation attached to the real Portfolio claim shows that the principal balance of the associated claim is $6,149.20—practically the same amount as the Trustee's claim. That is not a coincidence. Although it is not apparent from the metadata alone, these two claims are for the same debt.

22.     To be clear, the Debtor does not allege misconduct by the Trustee or her attorney. Trustees will sometimes use Rule 3004 to boost their commission and offset the many no-asset cases they administer as a public service. Because many debtors' attorneys phone it in after the

meeting of creditors, few of these claims are scrutinized the way they should be. That has lowered the practical standards for filing these claims, but the law still requires more. The Court would not allow unsubstantiated claims to stand if filed by the actual creditor, so there is no reason to do so when they are filed by the Trustee.

**FOR THOSE REASONS**, the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: October 7, 2025

**SADEK LAW OFFICES LLC**
*Attorney for Debtor*

By: /s/ Michael I. Assad
  Michael I. Assad (#330937)
  1500 JFK Blvd., Suite 220
  Philadelphia, PA 19102
  215-545-0008
  michael@sadeklaw.com