

In re:                                                                    Case No. 25-12547-djb

    Tahira M. Wyatt,                                        Chapter 7

                    Debtor.

**Debtor's Objection to Claim No. 19 of MOHELA Filed by Chapter 7 Trustee**

**AND NOW**, Debtor Tahira M. Wyatt, through her attorney, objects to a proof of claim under 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, and L.B.R. 3007-1. In support of this objection, the Debtor states as follows:

### Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

3. Venue is proper under 28 U.S.C. § 1409.

4. The Debtor consents to the entry of a final order by this Court.

### Background

5. The Debtor filed this case voluntarily by petitioning for relief under chapter 7 of the Bankruptcy Code on June 25, 2025.

6. This case is assigned to chapter 7 Trustee Christine C. Shubert.

*[This space intentionally left blank.]*

7. The Debtor scheduled the following claim on Schedule E/F, among others:

| Line No. | Creditor | Account No. | Amount |
|---|---|---|---|
| 4.12 | Mohela<br>Attn: Bankruptcy<br>633 Spirit Drive<br>Chesterfield, MO 63005-1243 | ******0425 | $12,116.00 |

8. The Debtor's petition indicated that funds would be available to unsecured creditors. Upon review of the petition and schedules, the Trustee announced her intent to liquidate property of the estate to pay creditors.

9. Upon request of the Trustee, the Clerk notified creditors of the non-governmental proof of claim deadline of September 29, 2025, and served that notice on MOHELA through the Bankruptcy Noticing Center. ECF No. 12.

10. The governmental proof of claim deadline is December 22, 2025. *See* 11 U.S.C. § 502(b)(9)(A).

11. On October 3, 2025, the Trustee filed the following claim under Fed. R. Bankr. P. 3004, which is attached as Exhibit A:

| Claim No. | Creditor | Account No. | Amount |
|---|---|---|---|
| 19 | Mohela<br>633 Spirit Drive<br>Chesterfield, MO 63005 | ******0425 | $122,116.00 |

12. The Trustee simply copied and pasted Claim No. 19 from Schedule E/F.

13. Upon information and belief, Claim No. 19 is based on a writing.

14. Claim No. 19 does not include the supporting documentation required by Fed. R. Bankr. P. 3001(c) for writings.

15. Upon information and belief, the Trustee does not have personal knowledge of the debt associated the Claim No. 19 and did not reasonably inquire as to its validity.

16. MOHELA is a governmental unit as that term is defined in 11 U.S.C. § 101(27). *See Biden v. Nebraska*, 600 U.S. 477 (2023).

### Relief Requested

17. The Debtor requests that the Court disallow Claim No. 19 on the basis that it:

    a. was not timely filed under Rule 3004,

    b. lacks supporting documentation, and

    c. was filed without personal knowledge or reasonable inquiry.

### Grounds for Relief

18. "While section 501(c) and Fed. R. Bankr. P. 3004 give the trustee the ability to file proofs of claim on behalf of creditors, the trustee should exercise caution in doing so." Exec. Off. for U.S. Trs., U.S. Dep't of Just., *Handbook for Chapter 7 Trustees* § 4.F.3, at 4-29 (Oct. 1, 2012).

19. Because MOHELA is a governmental unit, and because the governmental claim deadline had not passed, the Trustee did not have authority to file Claim No. 19 under Rule 3004.

20. In any event, a claim may not be filed without personal knowledge or reasonable inquiry as to its validity. *See* Fed. R. Bankr. P. 9011(b). Because this case was not filed under chapters 9 or 11, the Debtor's schedules are not *prima facie* evidence of any debt. *See* Fed. R. Bankr. P. 3003(b)(1).

21. Without supporting documentation or reasonable inquiry, there is no way of knowing whether Claim No. 19 is time barred, duplicative of other claims, or has been written off.

22. The Court need not look further than this case to see the danger of filing claims without personal knowledge or inquiry. For example, Portfolio Recovery Associates LLC timely

filed Claim No. 11 in the amount of $6,298.95, which indicates the debt is associated with account number ******5755. Later, the Trustee filed Claim No. 20 on behalf of Portfolio in the amount of $6,149.00. Although the amounts and account numbers suggest that they are not one in the same, review of the supporting documentation attached to the real Portfolio claim shows that the principal balance of the associated claim is $6,149.20—practically the same amount as the Trustee's claim. That is not a coincidence. Although it is not apparent from the metadata alone, these two claims are for the same debt.

23.   To be clear, the Debtor does not allege misconduct by the Trustee or her attorney. Trustees will sometimes use Rule 3004 to boost their commission and offset the many no-asset cases they administer as a public service. Because many debtors' attorneys phone it in after the meeting of creditors, few of these claims are scrutinized the way they should be. That has lowered the practical standards for filing these claims, but the law still requires more. The Court would not allow unsubstantiated claims to stand if filed by the actual creditor, so there is no reason to do so when they are filed by the Trustee.

**FOR THOSE REASONS**, the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: October 7, 2025

**SADEK LAW OFFICES LLC**
*Attorney for Debtor*

By: /s/ Michael I. Assad
　　Michael I. Assad (#330937)
　　1500 JFK Blvd., Suite 220
　　Philadelphia, PA 19102
　　215-545-0008
　　michael@sadeklaw.com