IN THE UNITED STATES TRUSTRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | CHAPTER 7 |
|---|---|---|
| | : | |
| TAHIRA M. WYATT | : | BANKRUPTCY NO. 25-12547 (DJB) |
| | : | |
| Debtor | : | |
| | : | |

RESPONSE OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE,
TO DEBTOR'S OMNIBUS OBJECTION TO UNSECURED CLAIMS
FILED BY CHAPTER 7 TRUSTEE

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of Tahira M. Wyatt (the "Debtor"), by and through her counsel, Karalis PC, hereby responds (the "Response") to the Debtor's Omnibus Objection to Unsecured Claims filed by Chapter 7 Trustee (the "Objection"), and in support thereof, respectfully avers as follows:

## BACKGROUND

A.  **Procedural Background.**

1. On June 25, 2025 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

2. On June 26, 2025, the Trustee was appointed which appointment remains in effect.

B.  **The Proofs of Claim filed by the Trustee.**

3. The General Bar Date passed on September 29, 2025 and the Governmental Bar Date passes on December 22, 2025.

4. Prior to the passing of the General Bar Date, eight (8) unsecured creditors filed claims in the aggregate amount of $40,656.69. The Debtor's Claims Register is attached hereto as Exhibit "1" and made a part hereof.

5.  On October 3, 2025, the Trustee filed the following proofs of claim (collectively, the "Proofs of Claim") on behalf of creditors pursuant to Fed. R. Bankr. P. 3004:

| CLAIM NUMBER | CREDITOR | AMOUNT |
|---|---|---|
| 12 | American Heritage Federal Credit Union | $8,342.00 |
| 13 | AT&T | $2,212.00 |
| 14 | Bank of America | $5,143.00 |
| 15 | Bank of America | $4,600.00 |
| 16 | Discover Financial | $8,037.00 |
| 17 | Discover Personal Loans | $13,375.00 |
| 18 | Jpmcb | $15,893.00 |
| 20 | Portfolio Recovery & Affiliates | $6,149.00 |
| 21 | Sunbit Financial | $79.00 |
|  | **TOTAL:** | **$63,830.00** |

*See*, Exhibit 1.

6.  The Trustee filed the Proofs of Claim based upon the Debtor's Amended Schedule E/F: Creditors Who Have Unsecured Claims filed on August 19, 2025 [D.I. 30]. The Debtor's Amended Schedule E/F is attached hereto as Exhibit "2" and made a part hereof.

7.  The Debtor filed the Amended Schedule E/F under penalty of perjury.

8.  The Proofs of Claim filed by the Trustee were based upon debts scheduled by the Debtor that were not contingent, unliquidated or disputed.

9.  As such, the Debtor admits that the Proofs of Claim represent valid obligations owed by her.

C.  **The Objection filed by the Debtor.**

10. On October 7, 2025, the Debtor filed the Objection [D.I. 50].

11. In the Objection, the Debtor seeks the entry of an Order disallowing the Proofs of Claim.

12. The Debtor asserts that the Proofs of Claim must be disallowed as they were not supported by documentation required by Fed. R. Bankr. P. 3001(c) and that the Trustee did not

2

reasonably inquire as to the validity of the underlying debt.

13. The Trustee's Declaration in Support of the Response is attached hereto as Exhibit "3" and made a part hereof.

## RESPONSE

14. The Trustee respectfully requests the entry of an Order overruling the Objection.

### I. Legal Standard on an Objection to a Proof of Claim.

15. Pursuant to Fed. R. Bankr. P. 3001(f), "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See*, Fed. R. Bankr. P. 3001(f).

16. A proof of claim is deemed "allowed, unless a party in interest. . . objects." *See*, 11 U.S.C. § 502(a).

17. If a creditor's proof of claim "alleges facts sufficient to support a legal liability to the claimant then the proof of claim is *prima facie* valid." *See*, *In re Bennett*, 528 B.R. 273, 282 (Bankr. E.D. Pa. 2015) (*quoting In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992)).

18. If a claim is *prima facie* valid, then the "objecting party has the burden of producing evidence to refute the claim . . . That evidence, if believed, must refute at least one of the allegations that is essential to the claim's legal sufficiency. . . If the objector meets that burden of production, the claimant must produce evidence to prove the validity of the claim. . . Because the ultimate burden of persuasion is always on the claimant." *See*, *In re Umstead*, 490 B.R. 186, 192 (Bankr. E.D. Pa. 2013) (internal citations and quotations omitted).

19. With regard to an objection, "an objector should be able to meet its burden of production and overcome the claimant's Rule 3001(f) *prima facie* case by either generating its own evidence directly rebutting the validity of the charges claimed *or* by demonstrating that the

claimant has not responded to *formal or informal* requests for documentation or other evidence supporting the amount, reasonableness or other factors relevant to the validity of the charges at issue..." *See, In re Smith*, 463 B.R. 756, 767 (Bankr. E.D. Pa. 2012) (citation and internal quotation omitted) (emphasis in original).

20. The Court of Appeals for the Third Circuit has summarized the parties' respective evidentiary burden in a contested matter involving an objection to a proof of claim:

> [A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim ... [T]he objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*See, In re Allegheny Int'l, Inc.*, 954 F.2d at 173-74 (internal citations omitted). *See also, In re Whitfield*, 578 B.R. 273, 277-78 (Bankr. E.D. Pa. 2017) (if the objector satisfies the initial burden of production and overcomes the claimant's *prima facie* case, the ultimate burden of proof rests with the claimant); *In re Sacko*, 394 B.R. 90, 97 (Bankr. E.D. Pa. 2008) (quoting *Allegheny* and collecting caselaw in accord therewith).

21. Quite simply, nothing set forth in the Objection overcomes the *prima facia* validity of the Proofs of Claim filed by the Trustee.

II. **The Failure to Comply with Fed. R. Bankr. P. 3001(c) is not Grounds for Disallowance of the Proofs of Claim.**

22. In the Objection, the Debtor asserts that the Proofs of Claim must be disallowed as they did not include supporting documentation required by Fed. R. Civ. P. 3001(c).

23. That being said, this argument does not hold any water as this cannot be the sole basis for disallowing a proof of claim. *See, e.g., In re O'Brien*, 440 B.R. 654, 666 (Bankr. E.D.

4

Pa. 2010) ("I find the majority approach to be the better view and that compliance with Rule 3001(f) is not the sole vehicle for a proof of claim to achieve *prima facie* status. It is therefore possible for a proof of claim that does not satisfy Rule 3001(f) to nonetheless impose on the objector the burden of producing some evidence to rebut the claim."); *In re Lapsansky*, 2006 WL 3859243, at *2 (Bankr. E.D. Pa. Oct.31, 2006) (claims objections were overruled "because the Objections do not attack Debtor's liability for the claims or the amount of the underlying debts, but instead are based solely on the argument that the claims should be disallowed because they do not attach the documentation required by Rule 3001(c)"); *In re Kincaid*, 388 B.R. 610, 617 (Bankr. E.D. Pa. 2008); *In re Hartman*, 2009 WL 4043096, at *3 (Bankr. D. N.J. Nov.20, 2009) (describing this holding as "the majority position"); *In re King*, 2009 WL 960766, at *5 (Bankr. E.D. Va. Apr.8, 2009) (same); *Cluff v. eCast Settlement*, No. 2:04-CV-978TS, 2006 WL 282005, at *3 (D. Utah Sept. 29, 2006) (Objection to proof of claim based solely on fact that claim fails to attach documentation in compliance with Fed. R. Bankr P. 3001(c) is insufficient to disallow or reduce claim.); *In re Campbell*, 336 B.R. 430, 43436 (B.A.P. 9th Cir. 2005) ("[A] claim objection that does not actually contest the debtor's liability or the amount of the debt is not enough to disallow a proof of claim, even if the proof of claim lacks the documentation required by Rule 3001(c)."); *In re Heath*, 331 B.R. 424, 431-37 (B.A.P. 9th Cir. 2005); *In re Dove-Nation*, 318 B.R. 147,150-53 (B.A.P. 8th Cir. 2004) ("Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies. ...even if the claims had not substantially complied with Rule 3001, the claims are still allowed under Section 502 of the Bankruptcy Code unless the Debtor establishes an exception under Section 502(b)."); *In re Habiballa*, 337 B.R. 911, 914-18 (Bankr. E.D. Wis. 2006) ("Recognizing that Bankruptcy Code §502 provides that a claim shall be allowed unless the objector shows that one of the exceptions applies, and that Bankruptcy

Rule 3001 is an evidentiary rule that cannot supercede the substantive provisions of the Code, this Court will require the Debtor to come forward with some evidence to contradict the claim summary, even in the absence of a creditor's compliance with an information request."); *In re Burkett*, 329 B.R. 820, 825-232 (Bankr. S.D. Ohio 2005) ("If there is no underlying factual dispute as to the validity, ownership or amount of a claim, a debtor or trustee has no basis for filing an objection for lack of documentation unless the debtor or trustee alleges a basis that would require reduction or disallowance under §502."); *In re Guidry*, 321 S.R. 712, 714-15 (Bankr. N.D. Ill. 2005) ("[A] claim cannot be disallowed solely on the basis that its proof was not accompanied by a Rule 3001(c) attachment.").

24. While the Proofs of Claim may not be self-sustaining, this Court can consider the Debtor's Amended Schedule E/F which contain admissions that shore up the shortfalls in the Proofs of Claim. *See, e.g., In re O'Brien*, 440 B.R. at 666; *In re Campbell*, 336 B.R. at 436; *In re Minbatiwalla*, 424 B.R. 104, 116 (Bankr. S.D. N.Y. 2010); *In re Stauder*, 396 B.R. 609, 612 (Bankr. M.D. Pa. 2008); *In Samson*, 392 B.R. 724, 733 (Bankr. N.D. Ohio 2008); *In re Kincaid*, 388 B.R. at 617-18; *In re Herron*, 381 B.R. 184, 189 (Bankr. D. Md. 2008).

25. As set forth herein, the Debtor's Amended Schedule E/F does not dispute the obligations set forth in the Proofs of Claim.

26. In addition, nowhere in the Objection does the Debtor dispute the obligations set forth in the Proofs of Claim.

### III. The Trustee had Personal Knowledge of the Obligations set forth in the Proofs of Claim and Inquired as to their Validity.

27. In the Objection, the Debtor also asserts that the Proofs of Claim must be disallowed as the Trustee did not have personal knowledge of the debts associated with the Proofs of Claim and did not inquire as to their validity.

28. Nothing could be further from the truth.

29. Pursuant to Fed. R. Bankr. P. 1008 and 28 U.S.C. § 1746, a debtor must verify under penalty of perjury that his or her Bankruptcy Schedules are "true and correct."

30. The Trustee reviewed the Debtor's Amended Schedule E/F filed under penalty of perjury.

31. The Proofs of Claim are based upon the Debtor's Amended Schedule E/F which clearly and unequivocally indicate that the underlying obligations are not contingent, unliquidated or disputed.

32. The Debtor testified under penalty of perjury at her 11 U.S.C. § 341(a) meeting of creditors that her Bankruptcy Schedules were true and accurate. The Debtor's original Schedule E/F and Amended Schedule E/F contain the same non-disputed creditors and non-disputed amounts.

33. As set forth herein, this Court can easily match up the Proofs of Claim with the Debtor's Amended Schedule E/F. *See, In re O'Brien*, 440 B.R. at 666.

34. The Debtor's only argument that the Trustee did not conduct due diligence relates to Claim No. 20 filed by the Trustee on behalf of Portfolio Recovery & Affiliates in the amount of $6,149.00. The Debtor asserts in the Objection that this claim was already filed by Portfolio Recovery Associates at Claim No. 11 in the amount of $6,298.95. That being said, the Debtor is incorrect. Claim No. 11 indicates that it relates to a CitiBank obligation with account no. 5755. This claim relates to Scheduled Claim no. 4.5 on the Debtor's Amended Schedule E/F which reflects a Citibank obligation with account no. 5755 in the amount of $6,298.00. *See*, Exhibit "2". Quite simply, same original claimant, same account number and same amount. As such, Claim

No. 11 is Scheduled Claim No. 4.5. This is the precise reason why the Trustee did not file a proof of claim on account of Citibank.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court (a) overrule the Objection and (b) grant such other and further relief as this Court deems just and proper.

                                   **Respectfully submitted,**

                                   **KARALIS PC**

                                   By:    /s/ Robert W. Seitzer
                                            ROBERT W. SEITZER
                                            1900 Spruce Street
                                            Philadelphia, PA 19103
                                            (215) 546-4500
                                            rseitzer@karalislaw.com

                                            *Attorneys for the Trustee*

Dated: November 5, 2025