IN THE UNITED STATES TRUSTRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | CHAPTER 7 |
|---|---|---|
| | : | |
| TAHIRA M. WYATT | : | BANKRUPTCY NO. 25-12547 (DJB) |
| | : | |
| Debtor | : | |
| | : | |

RESPONSE OF CHRISTINE C. SHUBERT, CHAPTER 7
TRUSTEE, TO DEBTOR'S OBJECTION TO CLAIM NO. 19 OF
MOHELA FILED BY CHAPTER 7 TRUSTEE

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of Tahira M. Wyatt (the "Debtor"), by and through her counsel, Karalis PC, hereby responds (the "Response") to the Debtor's Objection to Claim No. 19 of MOHELA filed by Chapter 7 Trustee (the "Objection"), and in support thereof, respectfully avers as follows:

## BACKGROUND

**A.  Procedural Background.**

1. On June 25, 2025 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

2. On June 26, 2025, the Trustee was appointed which appointment remains in effect.

**B.  The Proof of Claim filed by the Trustee.**

3. The General Bar Date passed on September 29, 2025 and the Governmental Bar Date passes on December 22, 2025.

4. Prior to the passing of the General Bar Date, eight (8) unsecured creditors filed claims in the aggregate amount of $40,656.69. The Debtor's Claims Register is attached hereto as Exhibit "1" and made a part hereof.

5. On October 3, 2025, the Trustee filed the following proof of claim (the "Proof of Claim") on behalf of MOHELA pursuant to Fed. R. Bankr. P. 3004:

| CLAIM NUMBER | CREDITOR | AMOUNT |
|---|---|---|
| 19 | Mohela | $122,116.00 |

*See*, Exhibit 1.

6. The Trustee filed the Proof of Claim based upon the Debtor's Amended Schedule E/F: Creditors Who Have Unsecured Claims filed on August 19, 2025 [D.I. 30]. The Debtor's Amended Schedule E/F is attached hereto as Exhibit "2" and made a part hereof.

7. The Debtor filed the Amended Schedule E/F under penalty of perjury.

8. The Proof of Claim filed by the Trustee was based upon a debt scheduled by the Debtor that was not contingent, unliquidated or disputed.

9. As such, the Debtor admits that the Proof of Claim represents a valid obligation owed by her.

**C.    The Objection filed by the Debtor.**

10. On October 7, 2025, the Debtor filed the Objection [D.I. 53].

11. In the Objection, the Debtor seeks the entry of an Order disallowing the Proof of Claim.

12. The Debtor asserts that the Proof of Claim must be disallowed as it was not supported by documentation required by Fed. R. Bankr. P. 3001(c), that the Trustee did not reasonably inquire as to the validity of the underlying debt and that the Proof of Claim was not timely filed under Fed. R. Bankr. P. 3004.

13. The Trustee's Declaration in Support of the Response is attached hereto as Exhibit "3" and made a part hereof.

2

**RESPONSE**

14. The Trustee respectfully requests the entry of an Order overruling the Objection in part.

I. **Legal Standard on an Objection to a Proof of Claim.**

15. Pursuant to Fed. R. Bankr. P. 3001(f), "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See*, Fed. R. Bankr. P. 3001(f).

16. A proof of claim is deemed "allowed, unless a party in interest. . . objects." *See*, 11 U.S.C. § 502(a).

17. If a creditor's proof of claim "alleges facts sufficient to support a legal liability to the claimant then the proof of claim is *prima facie* valid." *See, In re Bennett*, 528 B.R. 273, 282 (Bankr. E.D. Pa. 2015) (*quoting In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992)).

18. If a claim is *prima facie* valid, then the "objecting party has the burden of producing evidence to refute the claim . . . That evidence, if believed, must refute at least one of the allegations that is essential to the claim's legal sufficiency. . . If the objector meets that burden of production, the claimant must produce evidence to prove the validity of the claim. . . Because the ultimate burden of persuasion is always on the claimant." *See, In re Umstead*, 490 B.R. 186, 192 (Bankr. E.D. Pa. 2013) (internal citations and quotations omitted).

19. With regard to an objection, "an objector should be able to meet its burden of production and overcome the claimant's Rule 3001(f) *prima facie* case by either generating its own evidence directly rebutting the validity of the charges claimed *or* by demonstrating that the claimant has not responded to *formal or informal* requests for documentation or other evidence supporting the amount, reasonableness or other factors relevant to the validity of the charges at

issue..." See, *In re Smith*, 463 B.R. 756, 767 (Bankr. E.D. Pa. 2012) (citation and internal quotation omitted) (emphasis in original).

20. The Court of Appeals for the Third Circuit has summarized the parties' respective evidentiary burden in a contested matter involving an objection to a proof of claim:

> [A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim ... [T]he objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

See, *In re Allegheny Int'l, Inc.*, 954 F.2d at 173-74 (internal citations omitted). See also, *In re Whitfield*, 578 B.R. 273, 277-78 (Bankr. E.D. Pa. 2017) (if the objector satisfies the initial burden of production and overcomes the claimant's *prima facie* case, the ultimate burden of proof rests with the claimant); *In re Sacko*, 394 B.R. 90, 97 (Bankr. E.D. Pa. 2008) (quoting *Allegheny* and collecting caselaw in accord therewith).

21. Quite simply, nothing set forth in the Objection overcomes the *prima facia* validity of the Proof of Claim filed by the Trustee.

II. **The Failure to Comply with Fed. R. Bankr. P. 3001(c) is not Grounds for Disallowance of the Proof of Claim.**

22. In the Objection, the Debtor asserts that the Proof of Claim must be disallowed as it did not include supporting documentation required by Fed. R. Civ. P. 3001(c).

23. That being said, this argument does not hold any water as this cannot be the sole basis for disallowing a proof of claim. See, e.g., *In re O'Brien*, 440 B.R. 654, 666 (Bankr. E.D. Pa. 2010) ("I find the majority approach to be the better view and that compliance with Rule 3001(f) is not the sole vehicle for a proof of claim to achieve *prima facie* status. It is therefore

possible for a proof of claim that does not satisfy Rule 3001(f) to nonetheless impose on the objector the burden of producing some evidence to rebut the claim."); *In re Lapsansky,* 2006 WL 3859243, at *2 (Bankr. E.D. Pa. Oct.31, 2006) (claims objections were overruled "because the Objections do not attack Debtor's liability for the claims or the amount of the underlying debts, but instead are based solely on the argument that the claims should be disallowed because they do not attach the documentation required by Rule 3001(c)"); *In re Kincaid,* 388 B.R. 610, 617 (Bankr. E.D. Pa. 2008); *In re Hartman,* 2009 WL 4043096, at *3 (Bankr. D. N.J. Nov.20, 2009) (describing this holding as "the majority position"); *In re King,* 2009 WL 960766, at *5 (Bankr. E.D. Va. Apr.8, 2009) (same); *Cluff v. eCast Settlement,* No. 2:04-CV-978TS, 2006 WL 282005, at *3 (D. Utah Sept. 29, 2006) (Objection to proof of claim based solely on fact that claim fails to attach documentation in compliance with Fed. R. Bankr P. 3001(c) is insufficient to disallow or reduce claim.); *In re Campbell,* 336 B.R. 430, 43436 (B.A.P. 9th Cir. 2005) ("[A] claim objection that does not actually contest the debtor's liability or the amount of the debt is not enough to disallow a proof of claim, even if the proof of claim lacks the documentation required by Rule 3001(c)."); *In re Heath,* 331 B.R. 424, 431-37 (B.A.P. 9th Cir. 2005); *In re Dove-Nation,* 318 B.R. 147,150-53 (B.A.P. 8th Cir. 2004) ("Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies. ...even if the claims had not substantially complied with Rule 3001, the claims are still allowed under Section 502 of the Bankruptcy Code unless the Debtor establishes an exception under Section 502(b)."); *In re Habiballa,* 337 B.R. 911, 914-18 (Bankr. E.D. Wis. 2006) ("Recognizing that Bankruptcy Code §502 provides that a claim shall be allowed unless the objector shows that one of the exceptions applies, and that Bankruptcy Rule 3001 is an evidentiary rule that cannot supercede the substantive provisions of the Code, this Court will require the Debtor to come forward with some evidence to contradict the claim summary,

even in the absence of a creditor's compliance with an information request."); *In re Burkett*, 329 B.R. 820, 825-232 (Bankr. S.D. Ohio 2005) ("If there is no underlying factual dispute as to the validity, ownership or amount of a claim, a debtor or trustee has no basis for filing an objection for lack of documentation unless the debtor or trustee alleges a basis that would require reduction or disallowance under §502."); *In re Guidry*, 321 S.R. 712, 714-15 (Bankr. N.D. Ill. 2005) ("[A] claim cannot be disallowed solely on the basis that its proof was not accompanied by a Rule 3001(c) attachment.").

24. While the Proof of Claim may not be self-sustaining, this Court can consider the Debtor's Amended Schedule E/F which contains an admission that shores up the shortfall in the Proof of Claim. *See, e.g., In re O'Brien*, 440 B.R. at 666; *In re Campbell*, 336 B.R. at 436; *In re Minbatiwalla*, 424 B.R. 104, 116 (Bankr. S.D. N.Y. 2010); *In re Stauder*, 396 B.R. 609, 612 (Bankr. M.D. Pa. 2008); *In Samson*, 392 B.R. 724, 733 (Bankr. N.D. Ohio 2008); *In re Kincaid*, 388 B.R. at 617-18; *In re Herron*, 381 B.R. 184, 189 (Bankr. D. Md. 2008).

25. As set forth herein, the Debtor's Amended Schedule E/F does not dispute the obligation set forth in the Proof of Claim.

26. In addition, nowhere in the Objection does the Debtor dispute the obligation set forth in the Proof of Claim.

### III. The Trustee had Personal Knowledge of the Obligations set forth in the Proof of Claim and Inquired as to their Validity.

27. In the Objection, the Debtor also asserts that the Proof of Claim must be disallowed as the Trustee did not have personal knowledge of the debt associated with the Proof of Claim and did not inquire as to its validity.

28. Nothing could be further from the truth.

6

29. Pursuant to Fed. R. Bankr. P. 1008 and 28 U.S.C. § 1746, a debtor must verify under penalty of perjury that his or her Bankruptcy Schedules are "true and correct."

30. The Trustee reviewed the Debtor's Amended Schedule E/F filed under penalty of perjury.

31. The Proof of Claim is based upon the Debtor's Amended Schedule E/F which clearly and unequivocally indicates that the underlying obligation is not contingent, unliquidated or disputed.

32. The Debtor testified under penalty of perjury at her 11 U.S.C. § 341(a) meeting of creditors that her Bankruptcy Schedules were true and accurate. The Debtor's original Schedule E/F and Amended Schedule E/F contain the same non-disputed creditors and non-disputed amounts.

33. As set forth herein, this Court can easily match up the Proof of Claim with the Debtor's Amended Schedule E/F. *See, In re O'Brien*, 440 B.R. at 666.

34. The Debtor's only argument that the Trustee did not conduct due diligence relates to Claim No. 20 filed by the Trustee on behalf of Portfolio Recovery & Affiliates in the amount of $6,149.00. The Debtor asserts in the Objection that this claim was already filed by Portfolio Recovery Associates at Claim No. 11 in the amount of $6,298.95. That being said, the Debtor is incorrect. Claim No. 11 indicates that it relates to a CitiBank obligation with account no. 5755. This claim relates to Scheduled Claim no. 4.5 on the Debtor's Amended Schedule E/F which reflects a Citibank obligation with account no. 5755 in the amount of $6,298.00. *See*, Exhibit "2". Quite simply, same original claimant, same account number and same amount. As such, Claim No. 11 is Scheduled Claim No. 4.5. This is the precise reason why the Trustee did not file a proof of claim on account of Citibank.

IV. **The Proof of Claim was not Timely filed.**

35. Lastly, the Debtor argues that the Proof of Claim was not timely filed as MOHELA is a governmental unit and the Proof of Claim was not filed within thirty (30) days after the Governmental Bar Date of December 22, 2025.

36. The Trustee agrees with the Debtor's argument.

37. As a result, the Trustee has no objection to the Proof of Claim being disallowed without prejudice for the Trustee to file a new proof of claim on behalf of MOHELA within thirty (30) days after the passing of the Governmental Bar Date.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court (a) overrule the Objection in part and (b) grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: November 5, 2025