## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| TAHIRA M. WYATT | : | BANKRUPTCY NO. 25-12547 (DJB) |
| | : | |
| Debtor | : | |
| | : | |

### MOTION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, FOR APPROVAL OF A SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND DERRICK N. BEY PURSUANT TO FED. R. BANKR. P. 9019(a) AND 11 U.S.C. § 105(a)

Christine C. Shubert, Chapter 7 Trustee (the "Trustee") for the estate of Tahira M. Wyatt (the "Debtor"), by and through her counsel, Karalis PC, hereby moves (the "Motion") this Honorable Court for approval of a settlement agreement (the "Agreement") between the Trustee and Derrick N. Bey ("Mr. Bey", and together with the Trustee, the "Parties"), and in support thereof, respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. The statutory basis for the relief requested herein is 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019.

### BACKGROUND

**A.    Procedural Background.**

4. On June 25, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

5. On June 26, 2025, the Trustee was appointed which appointment remains in effect.

**B.    Real Property Owned by the Debtor's Bankruptcy Estate and Mr. Bey.**

6. The Debtor's bankruptcy estate and Mr. Bey co-own residential real property located at 1306 West Auburn Street, Philadelphia, PA 19132 (the "Property") as tenants in common.

**C.    The Matrimonial Action.**

7. Mr. Bey is the Debtor's ex-husband.

8. The Debtor and Mr. Bey are parties to a domestic relations proceeding pending in the Court of Common Pleas for Philadelphia County - Family Court Division captioned *Derrick N. Bey v. Tahira M. Bey*, Case I.D. No. D21078594 (the "Matrimonial Action").

9. The Debtor and Mr. Bey have asserted claims against one another in the Matrimonial Action for, *inter alia*, equitable distribution of marital property.

**D.    The Potential 11 U.S.C. § 363(h) Cause of Action.**

10. The Trustee advised Mr. Bey that she intended to sell the Property including his interest therein in accordance with 11 U.S.C. § 363(h) (the "§ 363(h) Cause of Action").

11. The Parties have engaged in settlement discussions and rather than continue with protracted litigation, the Parties now desire to settle, compromise and resolve all claims between and among them in connection to the Property and the § 363(h) Cause of Action (collectively, the "Settled Claims") in accordance with the terms and conditions of the Agreement. A true and correct copy of the Agreement is attached hereto as Exhibit "A" and made a part hereof.

**TERMS OF AGREEMENT**

12. The terms and conditions of the Agreement provide, *inter alia*, as follows:

    A.    **Effective Date and Related Matters.** No later than five (5) business days after the execution and delivery of the Agreement, the Trustee shall file a

2

motion in the Bankruptcy Court (the "Settlement Motion") to approve the Agreement under Fed. R. Bankr. P. 9019 and otherwise applicable bankruptcy law. The settlement shall be evidenced and implemented by the Agreement, the Settlement Motion, and the "Final Order" approving the Agreement. "Final Order" shall mean an order entered by the Bankruptcy Court which is unstayed and has become final and non-appealable. The "Effective Date" is a date upon which the order approving the Agreement becomes a Final Order.

B. **Consent and Authorization.** Mr. Bey consents to the Trustee's sale of the Property. Mr. Bey authorizes the Trustee to solely execute all listing, sale and closing documents relating to the sale of the Property. The Trustee shall provide Mr. Bey with all listing agreements, sale agreements, settlement statements and other closing documents.

C. **Sale of the Property.** Upon receipt of a sale agreement (the "Sale Agreement") acceptable to the Trustee in connection to the Property, the Trustee shall seek Bankruptcy Court approval of the Sale Agreement to sell the Property including Mr. Bey's fifty percent (50%) interest therein. At closing on the sale of the Property, the Trustee and Mr. Bey shall split the Net Sale Proceeds (as hereinafter defined) equally between them. Net Sale Proceeds shall mean the gross proceeds from the sale of the Property minus the broker's commission, transfer taxes, real estate taxes, any judgments and liens and the normal and customary closing costs as are shown on a settlement statement.

D. **Reservation of Rights – Sale of Property.** Mr. Bey reserves the right to object to the Trustee's sale of the Property.

E. **Reservation of Rights – Matrimonial Action.** The Trustee and Mr. Bey reserve any and all rights and claims against one another in connection to the Matrimonial Action including, but not limited to, equitable distribution rights and claims. The Trustee and Mr. Bey reserve any and all rights to seek the disgorgement of funds received by either of them in connection to the sale of the Property.

F. **Tax Consequences from the Sale of the Property.** The Trustee, solely in her capacity as the Chapter 7 Trustee of the Debtor's bankruptcy estate, and Mr. Bey shall be responsible for their own tax consequences, if any, from the sale of the Property. The Trustee and Mr. Bey shall each comply with all applicable tax requirements.

G. **Representations and Warranties.**

(i) Each of the Parties represents and warrants that they have carefully read the Agreement, the contents hereof are known to them, and that

3

        the Agreement is executed voluntarily and without duress or undue influence.

    (ii)    Each of the Parties represents and warrants that in executing the Agreement each rely solely upon its own judgment, belief, and knowledge, and on the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of its rights and claims, and that each has not been influenced to any extent whatsoever in executing the same by any representations or statements covering any matters made by any of the Parties or by any person representing them or any of them.

    (iii)    Each of the Parties represents and warrants that the persons and entities executing the Agreement have the legal authority to do so.

H.    **No Admission of Liability.** Nothing in the Agreement shall be deemed an admission of liability by any person or entity, whether party to the Agreement or otherwise.

I.    **Bankruptcy Court Approval.** The Agreement is contingent upon the entry of a final and non-appealable order of the Bankruptcy Court approving the Agreement. If the Agreement is not approved by the Bankruptcy Court, the Agreement shall be null and void and made without prejudice to the Parties who shall be returned to their original factual and legal positions.

*See*, Exhibit "A".

13. The discussion of the terms contained in the Agreement is intended as a summary only and all parties in interest are encouraged to read the Agreement. To the extent that there are any discrepancies between the summary contained in this Motion and the terms contained in the Agreement, the terms of the Agreement shall control.

## RELIEF REQUESTED AND THE BASIS THEREFOR

14. Federal Rule of Bankruptcy procedure 9019(a) provides "on motion by the Trustee and after notice and a hearing, the Court may approve a compromise or settlement. The decision to approve or disapprove a settlement is within the sound discretion of the bankruptcy judge." *See, In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996).

15. The Trustee seeks approval, pursuant to Bankruptcy Code § 105 and Fed. R. Bankr. P. 9019, of the settlement of the claims among the Parties as set forth in the Agreement.

16. In *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968), the Supreme Court instructed as to those factors to be considered in determining whether to approve a settlement. The factors outlined by the Supreme Court in Anderson have been uniformly summarized as follows:

    (a)    the probability of success in the litigation;

    (b)    the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it;

    (c)    the difficulties, if any, to be encountered in the matter of collection; and

    (d)    the paramount interest of the creditors.

*See, Martin*, 91 F.3d at 393; *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997); *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987).

17. Bankruptcy Rule 9019 authorizes this Court to approve the Agreement entered into by the Trustee. The decision whether to accept or reject a compromise is committed to the sound discretion of the Bankruptcy Court, "which must determine if the compromise is fair, reasonable, and in the interest of the estate." *See, Louise's*, 211 B.R. at 801. *See also, In re Neshaminy Office Building Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

18. The settlement need not be the best that the debtor could have achieved, but must only fall "within the reasonable range of litigation possibilities." *See, In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court is not to substitute its own judgment for that of the debtor. *See, Neshaminy Office Bldg.*, 63 B.R. at 803. Moreover,

it is not necessary for the court to conduct a truncated trial of the facts of the merits underlying the dispute. *See, Grant Broadcasting*, 71 B.R. at 396. *See also, In re A&C Properties*, 784 F.2d 1377, 1384 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986). Rather, the court need only "canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness." *See, Neshaminy Office Bldg.*, 62 B.R. at 803, *quoting, In re W.T. Grant Co.*, 4 B.R. 53, 69 (S.D.N.Y. 1977).

19. In the present case, the Agreement falls within the range of reasonableness for purposes of satisfying Fed. R. Bankr. P. 9019 criteria.

20. Not only would litigation be costly and time consuming for the Trustee and the Debtor's estate, there are uncertainties in connection with the resolution of these claims including the potential for appeals, which could delay the final determination of these matters for a protracted period of time.

21. The Trustee believes that, in light of the complexity and the expense of the dispute between the Parties, the Agreement is in the best interest of the Trustee, the Debtor's estate and the creditors.

22. Specifically, the Trustee believes that the Agreement and the sale of the Property will provide for a meaningful distribution to general unsecured creditors along with other assets currently being administered by the Trustee. The Trustee's Declaration in Support of the Motion is attached hereto as Exhibit "B" and made a part hereof.

## NOTICE

23. This Motion and Notice of this Motion have been provided to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) the Debtor's counsel; (iii) Mr. Bey's counsel; and (iv) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.

In addition, Notice of this Motion has been provided to all of the Debtor's creditors. The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

### CONCLUSION

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) approving the Agreement and (b) granting such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Trustee*

Dated: November 11, 2025