UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| In Re: | |
|---|---|
| TAHIRA M. WYATT  Debtor(s) | Chapter 7 |
| CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE   Movant  v.  TAHIRA M. WYATT   Debtor(s)  NATIONSTAR MORTGAGE LLC   Respondent(s) | Case Number: 25-12547-djb |

**RESPONSE TO MOTION TO SELL WITH RESPECT TO PROPERTY: 1152 EAST SHARPNACK ST, PHILADELPHIA, PA 19150**

Nationstar Mortgage LLC ("*Creditor*"), through its Counsel, Stern & Eisenberg PC, respectfully responds to the Motion For Entry of an Order (I) Authorizing The Sale Of Residential Real Property Located At 1152 East Sharpnack Street, Philadelphia, PA 19150 [Tax ID: 502325400] Free And Clear Of All Liens, Claims And Encumbrances Pursuant To 11 U.S.C. § 363; (II) Authorizing The Compensation Of Real Estate Broker Pursuant To 11 U.S.C. § 330 And (III) Granting The Request For A Waiver Of 14 Day Stay Pursuant To FED. R. BANKR. P. 6004(h) filed by the Chapter 7 Trustee, Christine C. Subert ("*Trustee*") and in support thereof responds as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. After reasonable investigation, Creditor is without sufficient knowledge to admit or deny the corresponding averment. To the extent a response is required, the averment is denied.
9. After reasonable investigation, Creditor is without sufficient knowledge to admit or deny the corresponding averment. To the extent a response is required, the averment is denied.
10. After reasonable investigation, Creditor is without sufficient knowledge to admit or deny the corresponding averment. To the extent a response is required, the averment is denied.
11. After reasonable investigation, Creditor is without sufficient knowledge to admit or deny the

corresponding averment. To the extent a response is required, the averment is denied.

12. It is admitted that Movant has attached an Agreement of Sale as Exhibit A to their motion, however, the exhibit is a document which speaks for itself, and to the extent that any additional response is required, the remainder of the averment is denied.
13. Admitted.
14. Admitted.
15. Admitted.
16. Admitted.
17. Admitted.
18. Admitted. By way of further response, Creditor has a valid first priority mortgage lien against the Property, which it demands be paid in full based on a payoff quote obtained from Creditor which is valid through the date of closing and that the subject mortgage shall remain in full force and effect until such time that it is paid in full. By way of further response, as Debtor's post-petition mortgage payments are delinquent (Doc. 34) Creditor maintains that final settlement of the sale of Property should occur no later than 60 days from the Order Approving Sale.
19. Admitted. By way of further response, Creditor incorporates its response to paragraph 18 as though it were set forth more fully herein.
20. Admitted. By way of further response, Creditor incorporates its response to paragraph 18 as though it were set forth more fully herein.
21. Admitted.
22. Admitted.
23. Admitted.
24. Admitted.
25. Admitted.
26. Admitted.
27. After reasonable investigation, Creditor is without sufficient knowledge to admit or deny the corresponding averment. To the extent a response is required, the averment is denied.
28. After reasonable investigation, Creditor is without sufficient knowledge to admit or deny the corresponding averment. To the extent a response is required, the averment is denied.
29. Admitted.
30. Admitted.
31. Admitted.

32. Admitted.
33. Admitted.
34. Admitted.
35. Admitted.
36. Admitted.
37. Admitted. By way of further response, Creditor incorporates its response to paragraph 18 as though it were set forth more fully herein.
38. Admitted. By way of further response, Creditor incorporates its response to paragraph 18 as though it were set forth more fully herein.
39. Admitted. By way of further response, Creditor incorporates its response to paragraph 18 as though it were set forth more fully herein.
40. Admitted.
41. Admitted.
42. Admitted.
43. Admitted.
44. Admitted.
45. Admitted.
46. Admitted.
47. Admitted. By way of further response, Creditor incorporates its response to paragraph 18 as though it were set forth more fully herein.
48. Admitted. By way of further response, Creditor incorporates its response to paragraph 18 as though it were set forth more fully herein.
49. Admitted.
50. Admitted. By way of further response, Creditor incorporates its response to paragraph 18 as though it were set forth more fully herein.
51. Admitted. By way of further response, Creditor incorporates its response to paragraph 18 as though it were set forth more fully herein.
52. Admitted. By way of further response, Creditor incorporates its response to paragraph 18 as though it were set forth more fully herein.
53. Admitted.
54. It is admitted that Movant has attached a Declaration as Exhibit C to their Motion, however, the exhibit is a document which speaks for itself, and to the extent that any additional response is required, the remainder of the averment is denied.

WHEREFORE, Creditor, Nationstar Mortgage LLC, respectfully requests that this Honorable Court DENY Debtor's Motion to Sell Free and Clear unless it is conditioned upon 1. the full satisfaction of Creditor's mortgage lien pursuant to a payoff quote valid through the settlement date and 2. Creditor's mortgage lien being retained in full force and effect until the mortgage is paid in full, and 3. Final settlement of the sale of real property occur no later than 60 days from the Order Approving Sale.

Respectfully Submitted:

Stern & Eisenberg, PC

Date: November 11, 2025

*By: /s/ Daniel P. Jones*
Daniel P. Jones
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876
Email: djones@sterneisenberg.com