**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

| | |
|---|---|
| In re: | Case No. 25-12547-djb |
| Tahira M. Wyatt, | Chapter 7 |
| Debtor. | |

**Debtor's Reply to Trustee's Response to Claim Objection**

**AND NOW**, Debtor Tahira M. Wyatt, through her attorney, hereby replies to the *Response of Christine C. Shubert, Chapter 7 Trustee, to Debtor's Omnibus Objection to Unsecured Claims Filed by Chapter 7 Trustee* (the "Response") filed at ECF No. 68, and states as follows:

**I.    Background**

The Debtor filed this case under chapter 7 on June 25, 2025. In her amended Schedule E/F, the Debtor scheduled various general unsecured debts, with specific account numbers and amounts. Some of those scheduled creditors did not file proofs of claim before the bar date. After the bar date passed, the Trustee filed several unsecured proofs of claim under Fed. R. Bankr. P. 3004 on behalf of those scheduled creditors.

On October 7, 2025, the Debtor filed an omnibus objection seeking disallowance of all nine Trustee-filed claims on the grounds that they are based on writings or consumer credit agreements but lack the documentation required by Fed. R. Bankr. P. 3001(c), and that the Trustee did not have personal knowledge of the underlying debts or reasonably inquire into their validity before filing them. On November 5, 2025, the Trustee filed a response to the objection. The Trustee contends that the claims are appropriate because the Debtor has effectively admitted the validity of the debts by listing them on her schedules, which were filed under penalty of perjury. The Trustee further argues that reading the Debtor's schedules was a reasonable inquiry.

II. **Argument**

When someone calls a credit card company for customer service, they usually must provide their date of birth and the last four digits of their social security number. When someone votes in an election, they usually must sign their name in a polling book. In each of these circumstances, two datasets are used to authenticate a person's identity—if the personal information given by a cardholder matches the information in the credit card company's records, it is presumed that the caller is the proper cardholder. If a voter's signature in the poll book matches the signature on their voter registration record, they are presumed to be the proper elector.

The authority cited by the Trustee applies that same concept to proofs of claim filed without adequate supporting documentation. If <u>a creditor</u> files a proof of claim and asserts that <u>the creditor's records</u> show that the amount of a debtor's liability is identical to the amount scheduled by the debtor, it is presumed that the debt is valid. The idea is that if two separate sources show the same information, it is more likely than not to be authentic. But here, there is only one source. When a proof of claim is filled out by copying and pasting information from the schedules, the data necessarily matches. Because they cannot possibly be different, their similarity does not authenticate anything.

Paragraph 24 of the Response summarizes the absurdity of the Trustee's argument. ("While the Proofs of Claim may not be self-sustaining, this Court can consider the Debtor's Amended Schedule E/F [to] shore up the shortfalls in the Proofs of Claim."). There, the Trustee acknowledges that the proofs of claim, which are based only on the schedules, have an evidentiary gap. She then says that the Court can look to the schedules, which the proofs of claim are solely based on, to fill the gap. Beyond being absurd, it is contrary to Fed. R. Bankr. P. 3003(b)(1), which prescribes that a debtor's schedules are <u>prima facie</u> evidence of a debt in cases under chapters 9

and 11. If the Judicial Conference had intended for the schedules to be <u>prima facie</u> evidence here, it would have included chapter 7 in that rule. Although the authority cited by the Trustee provides that the schedules may be used as evidence, none of the cases provided that the schedules may be the only evidence.

The Debtor does not deny that she incurred the debts she scheduled. But without supporting documentation, it is impossible to know whether those debts are still valid. That is why the Trustee's contention that reading the Debtor's schedules was a reasonable inquiry is not serious. How did she conclude that the claims are not time barred under state law? How did she conclude that the creditor has not already been paid? How did she conclude that the creditor has not charged off, forgiven, or otherwise written off the debt?

### III. Conclusion

The Trustee's response does not refute the essence of the Debtor's objection, which is that the Trustee filed the proofs of claim without supporting documentation or any information as to whether the debts were still valid when this case was filed. Because the Response only seeks to justify that with apples-to-oranges comparisons to cited authority, the objection must be sustained.

Date: November 16, 2025

**SADEK LAW OFFICES LLC**
*Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 JFK Blvd., Suite 220
Philadelphia, PA 19102
215-545-0008
michael@sadeklaw.com

3