#### UNITED STATES BANKRUPTCY COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Tahira M. Wyatt, | : | |
| | : | Case No. 25-12547 (DJB) |
| Debtor. | : | |
| | : | |

# O R D E R

**AND NOW**, this 25th day of November, 2025, upon consideration of the Debtor's Omnibus Objection to Unsecured Claims Filed by Chapter 7 Trustee (the "Objection") [Dkt. No. 50], the Chapter 7 Trustee's (the "Trustee") Response to the Objection (the "Response") [Dkt. No. 68], and the Debtor's Reply thereto [Dkt. No. 74];

**AND**, an evidentiary hearing having been held on the matter [Dkt. No. 76];

It is hereby **ORDERED** that the Objection is **OVERRULED**. *

**Date: November 25, 2025**

　　　　　　　　　　　　　　　　　　　　　　　**DEREK J. BAKER**
　　　　　　　　　　　　　　　　　　　　　　　**U.S. BANKRUPTCY JUDGE**

1

# *E N D N O T E

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 25, 2025. [Dkt. No. 1]. Two (2) days later, the Trustee gave notice that there would likely be assets to administer, and September 29, 2025 was set as the date by which proofs of claim needed to be filed. [Dkt No. 8]. On October 6, 2025, the Trustee filed ten (10) proofs of claim on behalf of several creditors who failed to file their own proofs of claim. See Claims Register 12, 13, 14, 15, 16, 17, 18, 19, 20, & 21.

The Debtor then brought her Objection. The Objection sought to disallow the claims filed by the Trustee because they lack the supporting documentation required under Federal Rule of Bankruptcy Procedure 3001. The Court held an evidentiary hearing on November 18, 2025. The Debtor presented no evidence at the hearing, arguing that validity of the claims could be determined as a purely legal matter. The Trustee offered her own testimony that she personally reviewed the Debtor's schedules and conducted a meeting of creditors where she questioned the Debtor. The Trustee testified that each of the challenged claims were listed in the Debtor's schedules as noncontingent, liquidated, and undisputed, [see Dkt. No. 30] and that the Debtor confirmed that the debts were valid during the meeting of creditors. The Debtor declined to cross-examine the Trustee or object to any aspect of the testimony.

**Parties' Arguments**

The Debtor's purely legal argument goes as follows. The Trustee was permitted to file these claims on behalf of these creditors in accordance with Rule 3004 because the creditors failed to timely file claims themselves. However, each of these claims is still evaluated according to Rule 3001, and Rule 3001(f) only treats claims filed in compliance with the rules as *prima facie* evidence of their validity and amount. Because the claims do not contain the attached documentation required by Rule 3001(c), the claims filed by the Trustee do not benefit

from the *prima facie* provisions of either Rule 3001(f) or 3003, and therefore the Court must disallow them.

The Trustee argues that an objection to claim based solely on failure to comply with Rule 3001(c) is improper. Alternatively, or perhaps coordinately, the Trustee argues that the claims are still entitled to *prima facie* validity, despite failure to conform to Rule 3001(c), either simply because the Trustee filed them as allowed by Rule 3004, or because the Debtor scheduled the debts as valid.

**Discussion**

Both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure authorize a trustee to file proofs of claim. 11 U.S.C. § 501(c); Fed. R. Bankr. P. 3004. The Bankruptcy Code provides that a claim is deemed allowed unless a party objects. 11 U.S.C. § 502(a). When a party objects, the court must determine whether the claim should be "allowed" because the claim is supported by sufficient evidence of its validity and amount.

The Supreme Court directs that whoever bears the ultimate burden of proof under applicable nonbankruptcy law on validity or amount bears it in the claim objection process in bankruptcy. See Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 21 (2000). Therefore, when an objection is interposed, the claimant (or here, the Trustee) bears the ultimate burden of proof on the validity of the claim. That means traditional concepts of proof—the "burden of production" requiring sufficient evidence to support a claim and the ultimate "burden of persuasion"—apply. In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992). After an initial case is made by the creditor to justify a claim, the burden shifts to the debtor to prove out the affirmative defense or disprove the elements of liability. Id. If the objector then produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency or to

3

raise an affirmative defense, the burden shifts back to the claimant to prove the ultimate validity of the claim by a preponderance of the evidence. Id. at 174.

While the claimant bears the burden of proof, the Federal Rules of Bankruptcy Procedure provide a "short cut" which allows a claimant to meet the initial burden of production. Rule 3001(c) directs claimants submitting a claim to attach various documentation to support the claim's validity and amount. Rule 3001(f) provides that, if the claim is filed in compliance with the Federal Rules of Bankruptcy Procedure, the filed claim will be *prima facie* evidence of the validity and amount of the claim. Importantly, being *prima facie* valid does not end the inquiry—it simply means the claimant met an initial burden of production (i.e., the "initial obligation to go forward") on the claim; the traditional burden shifting in the claims allowance process still applies. In re Allegheny, 954 F.2d at 173.

The Debtor asserts that the Trustee's failure to attach documents to the filed claims means the claims are not allowable; the Truste argues that the mere filing of the claims gives rise to the *prima facie* validity of the claim. Both parties are partially incorrect.

The failure to strictly comply with Rule 3001(c) is not, alone, a reason to disallow a claim. See generally 11 U.S.C. § 502(b) (outlining bases for disallowance of claims). Where the proof of claim does not provide the facts and documents necessary to support the claim per Rule 3001, it is not entitled to the presumption of *prima facie* validity. See In re Kincaid, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008) (citing cases); see also In re Umstead, 490 B.R. 186, 194 (Bankr. E.D. Pa. 2013) ("The failure to comply with Rule 3001(c), and the absence of *prima facie* evidentiary status under Rule 3001(f) is not, by itself, grounds for disallowance of a claim."); In re Lapsansky, No. 04-26238REF, 2006 Bankr. LEXIS 3736, at *2 (Bankr. E.D. Pa. Oct. 31, 2006) (overruling objections to claims "based solely on the argument that the claims should be disallowed because they do not attach the documentation required by Rule 3001(c).").

Rather, absent the application of the presumption, the burden of proof on the claim by a preponderance of the evidence remains on the claimant to be satisfied through traditional evidentiary means.

While these claims were filed in accordance with Rule 3004, the Trustee does not obtain some implied evidentiary benefit over a filing creditor. Proofs of claim that fail to comply with Rule 3001(c)—regardless of whether they are filed by the creditor or the Trustee—do not benefit from a presumption of *prima facie* validity under the rules. That failure, however, does not result in disallowance; it simply means the Trustee must otherwise meet the burden of proof to support the validity and amount of the claim. See In re Umstead, 490 B.R. at 194 (applying a secondary inquiry whether a "non-conforming proof of claim is nonetheless *prima facie* valid" by looking to other information, like the debtor's schedules). Whether the Claims are or are not statutorily *prima facie* valid is irrelevant at this point; an evidentiary hearing was held and a record created. That record either supports the validity and amount of the several proofs of claim at issue by a preponderance of the evidence, or it does not.

The singular piece of evidence in the record is the proffered unrebutted and uncross-examined testimony of the Trustee. That testimony confirmed that the debts were scheduled by the Debtor as valid; they were not listed as contingent, unliquidated, or disputed; and their validity was verified by the Debtor at the meeting of creditors. The Trustee's testimony with these admissions by the Debtor satisfy the Trustee's initial case in chief.

The burden shifts to the Debtor to disprove the elements of the claim. The Debtor elected to only argue legal points. The Debtor suggests that the Court cannot rely upon the Debtor's admissions in the claims allowance process. The Debtor argues that Rule 3003 only treats debts not scheduled as disputed, contingent, or unliquidated as *prima facie* evidence of a claim's validity *in chapters 9 and 11 cases*. Thus, by implication, because there is no such

5

commensurate rule in chapter 7 cases, the Debtor contends that the mere scheduling of a debt by a debtor as not disputed, contingent, or unliquidated is not enough to support a claim's validity. Such reasoning conflates statutory provisions of *prima facie* validity with ultimate validity. The Trustee is free to use the Debtor's admissions to meet her initial burden of proof and has done so here. While the Debtor complains that her evidentiary vacuum is the direct result of noncompliance with Rule 3001(c)—arguing "how could she know if she has a factual or legal bases to challenge these claims unless the proofs of claims contain the documents required by Rule 3001?"—her concern is exceedingly hollow. The Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Evidence provide a panoply of tools for the Debtor to use to obtain evidence to contest naked proofs of claim.

Weighing the evidence presented, the scales tip, unrestrained, in favor of the Trustee. On this record, the Trustee met her burden by a preponderance of the evidence that the claims are valid. No contrary evidence was presented. Therefore, the Objection must be overruled.