**Tahira Wyatt-Bey**
1152 E Sharpnack St
Philadelphia, PA 19150
tahira.wyatt@gmail.com
215-290-5899

**July 1, 2025**

Fee Dispute Committee
Pennsylvania Bar Association
100 South Street
Harrisburg, PA 17101

**Re: Fee Dispute – Karen Ann Ulmer, P. C. Attorneys at Law**
Total Amount in Dispute: $33,072.65
(Paid: $22,664.15 | Claimed Balance: $10,408.50)

Dear Fee Dispute Committee,

I am submitting this letter to formally dispute the legal fees charged by Karen Ann Ulmer, P. C. Attorneys at Law in connection with my ongoing divorce proceedings. The total amount billed to me was $33,072.65, of which I have already paid $22,664.15. The firm now claims I owe an additional $10,408.50. I am disputing the entire amount billed, based on what I believe was egregious overbilling, poor representation, and unethical conduct.

Over the course of my engagement with the firm, I experienced significant issues including:

- Lack of communication and decision-making without my consent. I sent two emails explicitly requesting that no correspondence be sent to opposing counsel without my prior approval. Despite this, the firm continued to act without consulting me and sent unauthorized communications on my behalf.

- Attorney turnover without notice. The attorney originally assigned to my case left the firm without informing me. I only found out days before a scheduled hearing — one that I had filed myself and had been waiting on for months — when I called the office. At that time, I was told he had taken my entire file with him.

- Cancellation of my hearing against my wishes. The firm canceled the November 2024 hearing, despite my repeated objections. I had invested almost $19,464.15 in pursuing interrogatories and documentation, and the hearing was critical to moving my case forward. I was charged for the cancellation, which I never agreed to.

- Double billing and unnecessary charges. After my file was removed from the firm, I was charged for their time recreating it — even though that was not due to any action on my part. Additionally, I was billed $2,200 for a deficiency letter to opposing counsel

regarding interrogatories, without my input. Had I been consulted, I would have advised against it, as I had already informed them the opposing party was not cooperating.

- Charges for meetings caused by their mismanagement. After the attorney left, I requested a meeting to understand my case status. I was charged $237.50 for a conversation that was necessary only because of their lack of communication and internal disruption.

- Unfair use of "credits." When I raised billing concerns, I was offered a $2,000 "credit," but was told it could only be used for future services and that I must bring my account to a zero balance to use it. I find that exploitative, particularly since I had lost trust in the firm.

Lastly, I believe I was billed for work that was either unnecessary, poorly executed, or not authorized. I was not treated as a collaborative client, but rather billed indiscriminately and left without proper representation during key moments in my case. Given the above, I respectfully request that the Committee review these charges and determine a fair and appropriate resolution.

Sincerely,

Tahira Wyatt-Bey

Enclosed: fee dispute petition